IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAV GANDHI, | * |
|     Petitioner, | * |
| v. | *   Civil Case No. SAG-20-3281 |
| METROPOLITAN PROPERTY & CASUALTY INSURANCE CO., | * |
|     Respondents. | * |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

This matter concerns a petition by Lev Gandhi ("Petitioner") to vacate an appraisal issued in a proceeding involving Metropolitan Property & Casualty Insurance Co. ("Metropolitan"). Petitioner filed a Petition seeking to vacate the appraisal ("the Complaint"), and Metropolitan removed the case to this Court. ECF 1, ECF 2. Metropolitan then filed a Motion to Dismiss the Complaint for failure to state a claim ("the Motion"). ECF 9. Petitioner filed an Opposition, ECF 13, and no reply was filed by the deadline. Although Metropolitan requested a hearing, ECF 14, this Court has carefully reviewed the parties' submissions, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Motion will be GRANTED, and the Complaint will be dismissed without prejudice.

I.     **FACTUAL BACKGROUND**

The facts in this matter are largely undisputed. Petitioner owns a home in Ellicott City, Maryland, and maintains homeowner's insurance with Metropolitan. ECF 2 ¶¶ 1-2. The property suffered significant property damage in a tornado on May 30, 2019. *Id.* ¶ 3. Petitioner filed a property claim, but the parties disagreed as to the amount of loss. *Id.* ¶¶ 3-4. The insurance policy contains the following appraisal provision:

> If you and we fail to agree on the amount of the loss, either you or we can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. . . The appraisers will separately set the amount of loss, determining the full replacement cost and actual cash value for each item as needed. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on you and us when filed with us.

*Id.* ¶ 5. The appraiser for Petitioner, Wayne Frazier, set the replacement cost value at $1,051,662.57 and the actual cash value at $995,027.18. *Id.* ¶¶ 7-8. The appraiser for Metropolitan, Daniel Wood, set the replacement cost value at $322,781.37 and did not calculate actual cash value. ECF 9-3; ECF 2 ¶ 7. Because the two appraisers were unable to reach agreement, they jointly selected Joshua Caasi to serve as the umpire. *Id.* ¶ 9. In a written award dated September 2, 2020, Caasi and Wood set the amount of the award at an actual cash value of $224,276.63, with a replacement cost of $337,824.43. ECF 2-1.

Caasi's company, Caasi Adjusting, Inc., was not in good standing in Maryland as of October 1, 2020, and, upon information and belief, as of the date of the arbitration award. ECF 2 ¶ 1; ECF 2-2.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), aff'd sub nom., *McBurney v. Young*, 569 U.S. 221 (2013); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by

a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), cert. denied, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), cert. denied, 566 U.S. 937 (2012).

The parties agree that the loss appraisal in this case is to be treated as an arbitration award for purposes of review. ECF 9-1 at 6; ECF 13 at 2. "Judicial review of an arbitration award in federal court is 'substantially circumscribed.'" *Three S. Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (quoting *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006)). "In fact, the scope of judicial review for an arbitrator's decision 'is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation.'" *Id.* (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998)). "Courts may vacate or modify an arbitration award only under the limited circumstances listed in the Federal Arbitration Act . . . or under the common law if the award 'fails to draw its essence from the contract' or 'evidences a manifest

disregard of the law.'" *UBS Fin. Servcs., Inc. v. Padussis*, 842 F.3d 336, 339 (4th Cir. 2016) (quoting *Patten*, 441 F.3d at 234). Both the Federal Arbitration Act and the Maryland Uniform Arbitration Act allow a court to vacate an arbitration award "procured by corruption, fraud, or undue means." *See* 9 U.S.C. § 10, Md.§ 3-224.[1]

## III.   ANALYSIS

As his basis for seeking to vacate the award, Petitioner contends that he has established mistake, and that "[t]he Fourth Circuit held that an arbitration award is binding upon the parties 'in the absence of fraud **or** mistake.'" *See* ECF 13 at 6 (citing *Hartford Fire Ins. Co. v. Adcor Industries, Inc.*, 158 F. App'x 430 (4th Cir. 2005)). Despite Petitioner's contention that "fraud or mistake" is "a well-settled standard," neither the unpublished opinion in *Hartford Fire* nor any other case appears to adopt it—at least the version of simple "mistake," absent any deception or the like, that Petitioner proposes. Instead, *Hartford Fire* cited the following language from *Schrieber v. Pacific Coast Fire Ins. Co.*, 195 Md. 639, 75 A.2d 108, 112 (1950):

> When it is sought to set aside an award upon the ground of a mistake committed by arbitrators, it is not sufficient to show that they came to a conclusion of fact erroneously, however clearly it may be demonstrated that the inference drawn by them was wrong. It must be shown that, by some error, they were so misled or deceived that they did not apply the rules which they intended to apply to the decision of the case, so that upon their own theory, a mistake was made which has caused the result to be somewhat different from that which they had reached by their reason and judgment.

*Hartford Fire*, 158 Fed. App'x at 431 (quoting *Schrieber)*. The language about the decisionmaker being "so misled or deceived" echoes the provisions of the Maryland and federal arbitration laws, permitting awards to be set aside when they are procured by "corruption, fraud, or undue means."

---

[1] The parties agree that the federal and Maryland standards applicable to this case are identical, and thus this Court will apply the "corruption, fraud, or other undue means" standard without further discussion of whether it is applying state or federal law. ECF 9-1 at 11.

5

Thus, *Schrieber* and *Hartford Fire* are clear that a garden-variety mistake, absent some allegation of deceptive conduct, is insufficient to justify court disturbance of an otherwise valid award.

The only "mistake" alleged in Petitioner's complaint is that the umpire, by awarding an amount less than the original proposal from Metropolitan's appraiser, did not resolve the "differences" between the two estimates.[2] Petitioner's assertion is that this constitutes a "mistake" by contravening the plain language of the parties' agreement. But at no point does this plain language require the umpire to reach a position between the endpoints set by the parties' two appraisers. If there is a difference between the two appraisers' conclusions, "they will submit their differences to the umpire." ECF 2 ¶ 5. Then, if two of the three people (presumably the umpire and one of the original appraisers) jointly sign a written award, that award becomes binding. *Id.* There are no limitations, in the agreement's terms, restricting the range within which the award must fall. Even if the agreement had contained such a limitation, it is not evident that the umpire's award was lower than that proposed by Metropolitan's appraiser. The umpire's replacement case value was higher than Metropolitan's, and Metropolitan's appraiser did not calculate actual cash value so it is impossible to tell whether the umpire's award was higher or lower in this regard. Regardless, however, even if the umpire's calculations contained one or more mistakes, Petitioner has not alleged the type of corruption, fraud, or undue means required to permit the award to be vacated.

---

[2] In his opposition, Petitioner also contends that the umpire awarded amounts for certain items that differed from the values attributed by Metropolitan's appraiser, "with no explanation for his conclusion." ECF 13 at 6-7. Petitioner surmises that because of the "great, unexplained disparity," "there must be mistakes here." *Id.* at 7. However, Petitioner does not cite to any contractual requirement that the umpire provide an explanation for his calculations. The agreement simply requires a written award signed by two of the three appraisers, which "will set the amount of loss and is binding on you and us when filed with us." ECF 2 ¶ 5. Despite originally having reached somewhat different figures, Metropolitan's appraiser also signed off on the umpire's conclusions, suggesting his ultimate concurrence.

Petitioner's second argument fares no better. He suggests that Caasi was not a "competent and impartial umpire," as required by the agreement, because his company, Caasi Adjusting, Inc. ("CAI"), was not in good standing with the State of Maryland at the time of his work on this matter. Given that Petitioner's own exhibit lists the reason for CAI's lack of good standing as its failure to file a form, it does not suggest a plausible problem with Caasi's competency or impartiality. ECF 2-2. Petitioner's allegation that CAI's lack of good standing somehow caused "fraud in the award," ECF 13, fails to allege fraud with the particularity required by Fed. R. Civ. Proc. 9(b).

In his opposition, though not in his Complaint, Petitioner suggests that "all the mistakes in [Caasi's] computations" reflect on his competency. ECF 13 at 8. Again, though, the fact that Caasi's computations differed from the initial computations submitted by the two appraisers does not suggest that Caasi's numbers were mistaken, especially because Metropolitan's appraiser later agreed with Caasi.

Ultimately, then, Petitioner has not plausibly alleged facts to bring this case within the very limited review permitted of appraisal or arbitral awards. His Complaint will therefore be dismissed without prejudice.

## IV.    CONCLUSION

For the reasons set forth above, the Motion to Dismiss, ECF 9, is granted, and the Petition is dismissed without prejudice. The case will be closed, subject to reopening if Petitioner successfully seeks leave to file an amended Petition. Any such motion for leave must be filed within twenty-one days of the date of this memorandum opinion. A separate Order follows.

Dated: December 30, 2020

                                                            /s/
                                        Stephanie A. Gallagher
                                        United States District Judge